361 So.2d 197 (1978)
EXXON CORPORATION, Appellant,
v.
Anthony J. McNICHOLAS et al., Appellees.
Nos. HH-89, HH-267.
District Court of Appeal of Florida, First District.
July 18, 1978.
Rehearings Denied August 22, 1978.
*198 Thomas A. Clark and Sylvia H. Walbolt of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellant.
Hume F. Coleman and Robert R. Feagin, III of Holland & Knight, Lakeland, Killough K. Smith, Jr. of Hudson, Keltner, Smith & Cunningham, Fort Worth, Tex., Alphonse G. Condon, Jr. of Holsberry, Emmanuel, Sheppard, Mitchell & Condon, Pensacola, for appellees.
BOOTH, Judge.
This cause is before us on appeal from the final judgment of the Circuit Court, Santa Rosa County, entering summary judgment against the plaintiff as to all claims against defendants, but reserving for trial the counter-claim of defendant Anthony J. McNicholas, ancillary administrator of the estate of Edna Hill Meeker, against the plaintiff for conversion.
The complaint of plaintiff Exxon, appellant herein, sought, Count I, declaratory judgment as to the continuing validity of an oil, gas and mineral lease on land in Santa Rosa County owned by Edna Hill Meeker. Edna Meeker was for many years prior to her death on September 5, 1974, incompetent. The lease was executed on November 4, 1969 by Mrs. Meeker's son and guardian, L.H. Meeker, in favor of Humble Oil and Refining Company, Exxon's predecessor, and shortly thereafter oil was found on the property.
Count II of the complaint sought damages against L.H. Meeker individually based on alleged tortious misrepresentations, breaches of warranty and failure to obtain court approval of the lease. In the alternative, plaintiff sought to be relieved from making any payments under the lease which would inure to the benefit of L.H. Meeker, individually.
*199 The trial court, by amended order dated September 2, 1976, granted the motions of L.H. Meeker individually to dismiss the complaint and to quash all process against him because neither Florida Statute Chapter 48, nor any other statute was applicable to give in personam jurisdiction of Meeker, a resident of Texas. Motion of L.H. Meeker as independent executor of the estate of Edna Hill Meeker to quash service was granted but motion of L.H. Meeker as testamentary trustee under the will to quash service was denied.
Thereafter, the cause proceeded with entry on June 23, 1977, of final judgment against plaintiff on the grounds that the lease was void because the provisions of the Florida Guardianship Law, Florida Statute § 745.02 (1973) were not complied with.
On appeal to this Court, defendant L.H. Meeker has moved to dismiss the appeal as to him on the grounds that the order entered September 22, 1976, was final judgment and this appeal, taken more than 30 days from entry of that order, is untimely. We disagree and deny the motion. L.H. Meeker continued in the suit below in one of the three capacities in which he was originally sued. The order of September 2 was an appealable interlocutory order under Rule 4.2, Florida Appellate Rules, since it dealt with jurisdiction over the person, but was not a final judgment from which appeal was required to be taken at that time. The final judgment in this case was entered almost a year later in June of 1977 and the appeal from that judgment brings up for review the order of September 2.
Turning to the merits, we have reviewed the briefs, appendix and the record before us in the light of appellant's contentions that the alleged inequitable conduct of L.H. Meeker with regard to the lease should operate as an estoppel against the heirs, including Meeker, preventing their assertion that the lease is void, or, in the alternative, that the lease be construed as a contract to make a lease, as well as the contentions that the trial court had sufficient jurisdiction over L.H. Meeker individually, in order to adjudicate the claims against him, and find these contentions to be without merit.
Accordingly, the judgment below is AFFIRMED.
MILLS, Acting C.J., and ERVIN, J., concur.